## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DANIEL REALE,

        *Plaintiff*,

v.

MATCH GROUP, LLC, incorrectly
named in the Summons as "Match
Holdings II, LLC" and incorrectly named
in the Complaint as "Match Group
Holdings, LLC",

        *Defendant*.

Case No. 3:21-cv-01571

## <u>NOTICE OF REMOVAL</u>

To: Clerk of Court, United States District Court for the District of Connecticut, 141 Church
   Street, New Haven, CT 06510; and Plaintiff Daniel Reale, 20 Dougherty Avenue,
   Plainfield, CT 06374, *Pro Se*.

Please take notice that Defendant Match Group, LLC ("Match" or "Defendant"),
incorrectly named in the Summons as "Match Holdings II, LLC" and incorrectly named in the
Complaint as "Match Group Holdings, LLC", hereby removes this action to the United States
District Court for the District of Connecticut by filing this Notice of Removal under 28 U.S.C.
§§ 1332, 1441, and 1446(a) based upon the following grounds:

### SUMMONS AND COMPLAINT

1. On November 1, 2021, Match received via certified mail from Plaintiff Daniel
Reale ("Plaintiff") a copy of a Motion for Default for Failure to Appear in an action captioned
*Daniel Reale v. Match Holdings II, LLC*, No. WWM-CV21-5013044-S, in Connecticut Superior
Court, Judicial District of Windham at Putnam (the "State Court Action").  Match, which had not
(and has not) been properly served with the Summons or Complaint, first obtained a copy of the
Summons and Complaint directly from the online docket of the State Court Action on November

7, 2021.  It appears from a review of the Return of Service on the online docket for the State Court Action that Plaintiff instead attempted to serve his Summons and Complaint on an entity named "Match Holdings, LLC", which is an entity unaffiliated with Match.  (*See* Exhibit A at A-11 (Return of Service).)

2.       On November 12, 2021, Match received an email from Plaintiff stating that he had obtained a "default judgment" against Match in the State Court Action, along with a screenshot showing the docket in the State Court Action.  The docket reflected a November 9, 2021 Order granting Plaintiff's Motion for Default for Failure to Appear and providing that "the default for failure to appear will automatically be set aside" so long as Match filed an appearance before judgement entered.  (*See* Exhibit A at A-13 (Order).)

3.       Although Match was not named as a defendant in the State Court Action and had never been properly served with Plaintiff's Summons or Complaint, on November 22, 2021, in an abundance of caution, Match appeared in the State Court Action to set aside the default.  (*See* Exhibit A at A-14 (Appearance), A-15 (Notice of Appearance).)

4.       Pursuant to 28 U.S.C. § 1441(a), the entire record in the State Court Action as it exists to date is attached hereto as Exhibit A.

## DIVERSITY JURISDICTION

5.       Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs; is between citizens of different states; and in which a citizen or subject of a foreign state is a defendant.

6.       Match removes this action pursuant to 28 U.S.C. § 1441(b) based upon the diversity of Plaintiff and Defendant Match.  According to Plaintiff's Complaint, Plaintiff is a resident of Plainfield, Connecticut, residing at 20 Dougherty Avenue, Plainfield, CT 06374.  (*See* Exhibit A

at A-1, A-9 (Complaint).)  Thus, for purposes of 28 U.S.C. § 1332(a), Plaintiff is a citizen of Connecticut.

7.  Defendant Match is a Delaware limited liability company with its principal place of business in Dallas, Texas.  Match's sole member is a Delaware limited liability company with its principal place of business in Dallas, Texas, and which itself has a sole member organized and existing under the laws of the state of Delaware, with a principal place of business in Dallas, Texas.  Thus, Match is a citizen of the states of Delaware and Texas.

8.  28 U.S.C. 1332(a) also requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  This requirement also is met in this action. Plaintiff's Complaint seeks the following relief:  (1) damages "in excess of $15,000"; (2) a "prejudgment remedy in the amount of $50,000"; (3) treble damages; (4) punitive damages; and (5) appointment of a court-appointed receiver "to secure stolen sums from the Plaintiff and others similarly situated".  (*See* Exhibit A at A-9 to A-10 (Complaint).)  When on November 21, 2021, counsel for Match asked Plaintiff to confirm whether his Complaint seeks more than $75,000 in damages, Plaintiff responded that he seeks "well north of $75,000".  (Exhibit B at 1 (Correspondence from Plaintiff).)  Taken together, the total amount of Plaintiff's claimed damages and other monetary relief listed in the Complaint, consistent with Plaintiff's own representation, exceeds $75,000.  Consequently, Section 1332(a)'s requirement that the amount in controversy be "in excess of $75,000" is met in this action.[1]

9.  Match denies Plaintiff's claim of wrongdoing, denies the allegations in Plaintiff's Complaint, and denies Plaintiff has suffered any damages.

---

[1] Further, Plaintiff represents in his correspondence that he plans to amend his Complaint to assert a claim under the Sherman Act.  (Exhibit B at 1.)  Should Plaintiff do so, this Notice of removal will be appropriate for the additional reason that jurisdiction would also exist pursuant to 28 U.S.C. § 1331.

10.     Accordingly, because there is jurisdiction pursuant to 28 U.S.C. § 1332 and because 28 U.S.C. § 1441(b)(2) is inapplicable here, Defendant Match is entitled to remove this action to the United States District Court for the District of Connecticut.

## VENUE

11.     The Connecticut Superior Court, Judicial District of Windham at Putnam, is located within the United States District Court for the District of Connecticut.

12.     This Notice of Removal is therefore properly filed in the United States District Court for the District of Connecticut, which is a proper venue under 28 U.S.C. § 1441(a).

## TIMELY AND PROPER NOTICE

13.     Match has timely filed this Notice under 28 U.S.C. § 1446(b), which requires notice of removal to be filed within 30 days after Match's receipt through service or otherwise of the initial pleading.  Because Match has yet to be properly served with the Summons or Complaint, the 30-day period set forth in 28 U.S.C. § 1446(b) has not yet started running.  Moreover, Match first learned of the State Court Action through its own diligence on November 7, 2021, which is fewer than 30 days from the filing of this Notice.

14.     Match will promptly serve Plaintiff with a copy of this Notice of Removal and file a Notice of Filing of Notice of Removal in the State Court Action, as required by 28 U.S.C. § 1446(d).

## RESERVATION OF RIGHTS

15.     Match is not admitting any fact, legal conclusion, liability, or damages by filing this Notice.  Match reserves all of its rights, claims, defenses, and objections to Plaintiff's Complaint.  Match also reserves the right to respond to the Complaint in any manner, including, without limitation, by enforcing its arbitration agreement with Plaintiff or by challenging Plaintiff's failures to effect proper service, to establish personal jurisdiction over Match, to choose

a proper venue, or to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Match also reserves the right to amend or supplement this Notice as necessary, including if Plaintiff amends his Complaint to add claims for which jurisdiction exists pursuant to 28 U.S.C. § 1331.

16.     If any question arises as to the propriety of the removal of this action, Match respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.

## CONCLUSION

17.     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Match removes this action to the United States District Court for the District of Connecticut, and requests that all further proceedings be held before this Court.

Dated: November 24, 2021                    Respectfully submitted,

WIGGIN AND DANA LLP

By:*/s/ John M. Doroghazi*
    John M. Doroghazi (ct28033)
    Benjamin H. Diessel (ct30383)
    One Century Tower
    P.O. Box 1832
    New Haven, CT 06510
    Tel: 203-498-4400
    jdoroghazi@wiggin.com
    bdiessel@wiggin.com

    Nathan E. Denning (pro hac to be filed)
    437 Madison Avenue, 35th Floor
    New York, NY 10022
    Tel: 212-551-2600
    ndenning@wiggin.com

    *Attorneys for Defendant Match Group, LLC*

**CERTIFICATION OF SERVICE**

I hereby certify that on November 24, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

Daniel Reale
20 Dougherty Avenue
Plainfield, CT 06374
headlinecopy@gmail.com

*/s/ John M. Doroghazi*
John M. Doroghazi